### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PAPST LICENSING GmbH & Co. KP | ) | |
| Plaintiff | ) | Civil Action No. 08 CV 3606 |
| | ) | |
| | ) | Judge James B. Moran |
| | ) | |
| KONICA-MINOLTA HOLDINGS, INC., | ) | Magistrate Judge Morton Denlow |
| KONICA-MINOLTA BUSINESS | ) | |
| SOLUTIONS USA, INC. | ) | |
| Defendants | ) | |

**CONSENT MOTION OF DEFENDANT
KONICA-MINOLTA BUSINESS SOLUTIONS U.S.A., INC. TO EXTEND TIME TO
ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)**

Defendant Konica-Minolta Business Solutions, U.S.A., Inc. ("KMBUS"), by its undersigned counsel, respectfully moves this Court to extend the time permitted for KMBUS to answer or otherwise respond to the Complaint by twenty-two (22) days, until August 8, 2008.  In support of its motion, KMBUS states:

1.    Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") filed the Complaint in this matter on June 24, 2008.

2.    KMBUS was served with the Complaint and Summons on June 27, 2008.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), KMBUS has until July 17, 2008 to answer or otherwise respond to the Complaint.

3.    On July 10, the Judicial Panel on Multidistrict Litigation filed a conditional transfer order transferring this action to the United States District Court for the District of Columbia for coordinated pretrial proceedings pursuant to 28 U.S.C. Section 1407 currently proceeding under the caption In re: Papst Licensing Digital Camera Patent Litigation (MDL 1880), assigned to the

1

Honorable Rosemary M. Collyer.  A copy of the conditional transfer order is attached hereto as

Exhibit A.

4.    Counsel for Papst Licensing and KMBUS have met and conferred.  Counsel for Papst

Licensing have agreed to an extension of time until August 8, 2008 for KMBUS to answer or

otherwise respond to the Complaint.

5.    Given the consent of Papst Licensing, there is good cause to permit this brief

extension of time.

WHEREFORE, Defendant KMBUS respectfully requests that this Court grant its Consent

Motion to Extend Time to Answer or Otherwise Respond to the Complaint Pursuant to Federal Rule

of Civil Procedure 6(b)(1).

Respectfully submitted,

Dated: July 17, 2008                    By: /s/ Steven J. Routh_____
                                        Steven J. Routh
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        Columbia Center
                                        1152 15th Street N.W.
                                        Washington, D.C. 20005
                                        (202) 339-8400

                                        *Counsel for Defendant Konica-Minolta Business
                                        Solutions U.S.A., Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAPST LICENSING GmbH & Co. KP | ) | |
| Plaintiff | ) | Civil Action No. 08 CV 3606 |
| | ) | |
| | ) | Judge James B. Moran |
| | ) | |
| KONICA-MINOLTA HOLDINGS, INC., | ) | Magistrate Judge Morton Denlow |
| KONICA-MINOLTA BUSINESS | ) | |
| SOLUTIONS USA, INC. | ) | |
| Defendants | ) | |

**[PROPOSED] ORDER GRANTING CONSENT MOTION OF DEFENDANT**
**KONICA-MINOLTA BUSINESS SOLUTIONS U.S.A., INC. TO EXTEND TIME TO**
**ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)**

On July 17, 2008, Defendant Konica-Minolta Business Solutions, U.S.A, Inc., filed a

consent motion to extend the time to answer or otherwise respond to the Complaint in this matter

until August 8, 2008.  Good cause having been shown, the motion is hereby GRANTED.

IT IS SO ORDERED.

Dated: _____        _____
                                                                    Hon. James B. Moran

## CERTIFICATE OF SERVICE

I, Steven J. Routh, an attorney, hereby certify that I caused the foregoing to be

electronically filed with the Clerk of the Court using the CM/EFC system, which will send

notification of such filing to:

WELSH & KATZ, LTD.

Jerold B. Schnayer, Esq.
James P. White, Esq.
John L. Ambrogi, Esq.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

*Attorneys for PAPST LICENSING GmbH & Co. KG*


   /s/ Steven J. Routh         
Steven J. Routh
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
(202) 339-8400

# EXHIBIT A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2008

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION**

| | | |
|---|---|---|
| Papst Licensing GmbH & Co. KG v. Konica Minolta Holdings, Inc., et al., N.D. Illinois, C.A. No. 1:08-3606 | ) ) ) | MDL No. 1880 |

### CONDITIONAL TRANSFER ORDER (CTO-4)

On November 5, 2007, the Panel transferred three civil actions to the United States District Court for the District of District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 528 F.Supp.2d 1357 (J.P.M.L. 2007). Since that time, three additional actions have been transferred to the District of District of Columbia. With the consent of that court, all such actions have been assigned to the Honorable Rosemary M. Collyer.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the District of District of Columbia and assigned to Judge Collyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the District of District of Columbia for the reasons stated in the order of November 5, 2007, and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of District of Columbia. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

**IN RE: PAPST LICENSING DIGITAL CAMERA**
**PATENT LITIGATION**

MDL No. 1880

## INVOLVED COUNSEL LIST (CTO-4)

J. Kevin Fee
MORGAN LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Patrick J. Kelleher
DRINKER BIDDLE GARDNER CARTON
191 North Wacker Drive
#3700
Chicago, IL 60606-1698

Steven J. Routh
HOGAN & HARTSON LLP
555 Thirtheenth Street, N.W.
Washington, DC 20004

James Patrick White
WELSH & KATZ LTD
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067