UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAPST LICENSING GmbH & Co. KG ) <br>            Plaintiff ) <br> ) <br> ) <br> ) <br> KONICA-MINOLTA HOLDINGS, INC., ) <br> KONICA-MINOLTA BUSINESS ) <br> SOLUTIONS USA, INC. ) <br>            Defendants ) | Civil Action No. 08 CV 3606 <br><br> Judge James B. Moran <br><br> Magistrate Judge Morton Denlow |

**KONICA-MINOLTA BUSINESS SOLUTIONS, USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PAPST LICENSING GMBH & CO. KG'S COMPLAINT**

Defendant Konica-Minolta Business Solutions, U.S.A., Inc. ("KMBUS"), by its undersigned counsel, hereby responds to the Complaint for Patent Infringement of Papst Licensing GmbH & Co. KG ("Papst") with the following Answer and Affirmative Defenses.

**RESPONSE TO SPECIFIC ALLEGATIONS**

In answer to the separately numbered paragraphs of the Complaint, KMBUS states the following:

**JURISDICTION AND VENUE**

1.    The allegations in this paragraph state legal conclusions to which no response is required.

2.    The allegations in this paragraph state legal conclusions to which no response is required.

1

3. KMBUS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Complaint and, therefore, denies those allegations.

4. The allegations in this paragraph of Plaintiff's Complaint do not relate to KMBUS and therefore no response is required.

5. The allegations in the first sentence of this paragraph of Plaintiff's Complaint do not relate to KMBUS and therefore no response is required. With respect to the allegations in the second sentence of this paragraph of Plaintiff's Complaint, KMBUS admits that it is registered to do business in Illinois, that it maintains a registered agent in Illinois, and that it has an office at 2001 Butterfield Road, Suite 900, Downers Grove, IL 60515. With respect to the third sentence of this paragraph of Plaintiff's Complaint, KMBUS denies that its headquarters are at 100 Williams Drive, Ramsey, NY 07466 and avers that the correct address of its headquarters is 100 Williams Drive, Ramsey, NJ 07466. Except as expressly admitted, KMBUS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

6. KMBUS admits the allegations in this paragraph of Plaintiff's Complaint.

**FACTS GIVING RISE TO THIS ACTION**

7. KMBUS denies the allegations in the first sentence of this paragraph of Plaintiff's Complaint. With respect to the second sentence of this paragraph of Plaintiff's Complaint, KMBUS admits that Plaintiff's Complaint refers to United States Patent Nos. 6,470,399 B1 and 6,895,449 B2 as the "Patents in Suit." KMBUS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph of Plaintiff's Complaint and, therefore, denies those allegations.

8. KMBUS admits that United States Patent No. 6,470,399 B1 issued on October 22, 2002 as reflected on the cover page of that patent. KMBUS denies the remaining allegations in this paragraph of Plaintiff's Complaint

9. KMBUS admits that United States Patent No. 6,895,449 B2 issued on May 17, 2005 as reflected on the cover page of that patent. KBMUS denies the remaining allegations in this paragraph of Plaintiff's Complaint.

10. To the extent the allegations in this paragraph of Plaintiff's Complaint relate to a defendant other than KMBUS, no response is required. To the extent the allegations in this paragraph relate to KMBUS, KMBUS denies those allegations. KMBUS further avers that it is not now, nor has it ever been, involved in the digital camera business.

11. KMBUS denies the allegations in this paragraph of Plaintiff's Complaint.

12. KMBUS denies the allegations in this paragraph of Plaintiff's Complaint.

13. To the extent the allegations in this paragraph of Plaintiff's Complaint relate to a defendant other than KMBUS, no response is required. To the extent the allegations in this paragraph relate to KMBUS, KMBUS denies the allegations in this paragraph of Plaintiff's Complaint.

## JURY DEMAND

This demand for a jury requires no response.

## REQUESTED RELIEF

KMBUS denies that Papst is entitled to the relief it requests or any relief whatsoever with respect to its Complaint.

## GENERAL DENIAL

To the extent any further response is deemed necessary to the numbered paragraphs of the Complaint or Prayer for Relief, KMBUS denies any allegations contained therein. KMBUS further denies any allegations in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8, and subject to further investigation and discovery, KMBUS asserts the following affirmative defenses to Papst's claims.

### First Affirmative Defense (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Non-Infringement)

KMBUS does not and has not infringed any claim of the '449 and '399 patents, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement.

### Third Affirmative Defense (Invalidity)

The claims of the '449 and '399 patents are invalid for failure to satisfy one or more statutory requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Affirmative Defense (Inequitable Conduct)

The claims of the '449 and '399 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.

On information and belief, in or about 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The

Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. *See* Thesis at 87. Mr. Tasler, as the author of the Thesis, was aware of the publication and cataloguing of the Thesis.

The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis at 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (Thesis at 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis at 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis at 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (Thesis at 18), a first connecting device for interfacing with the PC through the standard printer port (Thesis at 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (Thesis at 4-7, 23), where the DSP

Motherboard is configured to communicate with the PC via the printer port (Thesis at 19-20) and includes software that communicates with the PC via the standard printer port (Thesis at 30-31).

Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware or should have been aware of the Thesis and its contents during the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office.

During the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information. Accordingly, the claims of the '399 and '449 patents are unenforceable.

**Fifth Affirmative Defense (Prosecution History Estoppel)**

Papst is estopped from construing the claims of the '449 and '399 patents so as to cover, either literally or by application of the doctrine of equivalents, products made, used, imported, sold, or offered for sale by KMBUS, or methods used in the operation of such products, because of amendments to the claims or specification, or admissions or statements made to the U.S. Patent and Trademark Office during prosecution of the patent applications underlying the '449 and '399 patents.

**Sixth Affirmative Defense (Marking)**

Papst's request for damages is statutorily limited by 35 U.S.C. § 287 and/or 288.

**Seventh Affirmative Defense (Laches)**

Papst unreasonably and inexcusably delayed filing suit for infringement of the patents in suit, to the material prejudice of KMBUS. Accordingly, at least a portion of Papst's claim for damages is barred by the doctrine of laches.

**RESERVATION OF RIGHTS**

KMBUS hereby gives notice that it may rely upon any additional affirmative defenses that become available or apparent during discovery, and thus reserves the right to amend its Answer to assert additional defenses and counterclaims in the event it is ruled to be an appropriate defendant in this action.

WHEREFORE, Defendant KMBUS respectfully requests that this Court enter judgment in its favor dismissing the Complaint with prejudice; an award of costs and reasonable attorneys' fees and other expenses KMBUS has been forced to incur; and such further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 8, 2008

By: */s/ Steven J. Routh*
Steven J. Routh
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street N.W.
Washington, D.C. 20005
(202) 339-8400

*Counsel for Defendant Konica-Minolta Business Solutions U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

I, Steven J. Routh, an attorney, hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/EFC system, which will send notification of such filing to:

WELSH & KATZ, LTD.

Jerold B. Schnayer, Esq.
James P. White, Esq.
John L. Ambrogi, Esq.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

*Attorneys for PAPST LICENSING GmbH & Co. KG*

    /s/ Steven J. Routh
Steven J. Routh
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
(202) 339-8400